# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>      v.<br>WILLIAM JAMES FARBER,<br><br>                          Defendant. | Case No. 17-CR-00188-JLT-SKO-1<br><br>**ORDER DENYING DEFENDANT FARBER'S MOTION FOR RECONSIDERATION; ORDER TO SELF-SURRENDER NO LATER THAN APRIL 18, 2023 BY 2:00 P.M.** |

Early this week, the Court denied Mr. Farber's fourth request to extend his self-surrender date. (Doc. 262) The next day, Mr. Farber filed a motion to reconsider this order (Doc. 270) based upon a record from one of his doctors detailing a visit he had with the doctor on March 15, 2023. (Doc. 275) Because the Court does not find this is new information, the motion for reconsideration is **DENIED**.

### I. Mr. Farber fails to that the Court's order should be reconsidered

The medical record presented by Mr. Farber along with his motion for reconsideration, is a summary of the initial consultation Mr. Farber underwent with Dr. Okhovat on March 16, 2023.[1] Notably, the progress note indicates that Dr. Okhovat had a "lengthy discussion with Mr. Farber in regard to the patient's history, symptoms and treatment plan." (Doc. 275 at 6) This

---

[1] This record was signed by the doctor on April 11, 2023 at 3:07 p.m. (Doc. 275 at 2) The Court's order denying Mr. Farber's fourth request to extend his self-surrender date was docketed and served electronically on April 11, 2023 at 8:07 a.m. (Doc. 269)

demonstrates that the information contained in the record was known to Mr. Farber well before he filed his fourth motion to extend his self-surrender date. Thus, the Court finds that this information is not new. It was simply not provided to the Court before. At most, the written record of the information known Mr. Farber, is new.

On the other hand, some of the information upon which Mr. Farber's most recent motion is based includes his own physical and mental complaints that he reported to the doctor, which the doctor now repeats back in written form. Likewise, the diagnosis and much of the treatment plan he identifies, is the same that Mr. Farber discussed in his fourth motion to extend the self-surrender date. Much of the treatment plan is hypothetical. If Mr. Farber doesn't improve, then additional testing and treatment may be required. Some of the treatment options are just that; options that Mr. Farber may consider but has not committed to undergoing. Finally, as pointed out by the government, though it is regrettable that Mr. Farber continues to suffer from the car accident, he has failed to demonstrate that the BOP cannot provide him the care he requires.[2] Thus, the Court **ORDERS**:

1. The motion to reconsider is **DENIED**.
2. Mr. Farber **SHALL** self-surrender to the facility designated by the BOP **no later than April 18, 2023 at 2:00 p.m.**

IT IS SO ORDERED.

Dated:   **April 13, 2023**

UNITED STATES DISTRICT JUDGE

---

[2] It is not lost on the Court that the Ms. Baird's declaration was concerned, in part, to delays in receiving treatment inmates suffer. Notably, Mr. Farber has suffered the similar delays in scheduling appointments, treatments and obtaining reports from his doctors. (Doc. 270 at 3)